# **<u>COPY CERTIFICATE</u>**

**STATE OF ILLINOIS**)　　　　　　　　　**<u>Plaintiff</u>**　　**<u>COLIN J. BENSMAN</u>**
　　　　　　　　　　)
**St. Clair County**　　　)　　　　　　　　**<u>Defendant</u>**　　**<u>PHACIL, INC</u>**

　　　　　　　　　　　　　　　　　　　　**Case No.**　　**17-L478**


**I, Kahalah A. Clay,**

**Clerk of the Circuit Court, on and for said County of Saint Clair, and State of Illinois, do**

**Certify the foregoing to be a true and correct copy of:**

　　　**A complete copy of the entire court record, case 17-L-478.**　　　　　　　　　　　




As fully as the same remain on file and appear of record in my office in Belleville, Illinois of

Said Saint Clair County Records.  And further certify that I am the custodian of said Records.

　　　　　　　　　　　　　　IN TESTIMONY WHEREOF, I have hereinto set my hand

　　　　　　　　　　　　　　And affix the seal of said Court, at office in Belleville,

　　　　　　　　　　　　　　Illinois, this

　　　　　　　　　　　　　　10TH day of OCTOBER, 2017

　　　　　　　　　　　　　　KAHALAH A. CLAY, CIRCUIT CLERK

　　　　　　　　　　　　　　By ___CVOELKEL_____Deputy


　　　　　　　　　　　　　　　　　　　　　　　　　　　　Exhibit A

```
                                              FILED
                                          ST. CLAIR COUNTY
      IN THE CIRCUIT COURT OF THE
        TWENTIETH JUDICIAL CIRCUIT           AUG 2 9 2017
          ST. CLAIR COUNTY, ILLINOIS
                                          Kathleen A. Clay
                                      43    CIRCUIT CLERK
```

COLIN J. BENSMAN,                )
                                 )
    Plaintiff,              )
                                 )
vs.                              )  Case No.: 17L 478
                                 )
PHACIL, INC., a Delaware corporation, )
                                 )
    Defendant.              )

## AFFIDAVIT

This affidavit is made pursuant to Supreme Court Rule 222(b). Under the penalty of perjury as provided by §1-109 of the Code of Civil Procedure, the undersigned certifies that the money damages sought by the Plaintiff hereby does exceed $50,000.00.

Respectfully submitted,

By: _____/s/ David M. Heimos_____
David M. Heimos, #6182752
Attorney for Plaintiff
230 S. Bemiston, Suite 1200
Clayton, Missouri 63105
(314) 862-3333 Ext. 17
(314) 862-0605 Facsimile
davidmheimos@heimoslaw.com

IN THE CIRCUIT COURT OF THE
TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS

| | |
|---|---|
| COLIN J. BENSMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.: 17L478 |
| ) | |
| PHACIL, INC., a Delaware corporation, ) | |
| ) | |
| **SERVE (BY SHERIFF OF** ) | |
| **COOK COUNTY, ILLINOIS):** ) | **JURY TRIAL DEMANDED** |
| ) | |
| **Registered Agent** ) | |
| **CT Corporation System** ) | |
| **208 South LaSalle Street, Suite 814** ) | FILED |
| **Chicago, Illinois 60604** ) | ST. CLAIR COUNTY |
| ) | |
| Defendant. ) | AUG 2 9 2017 |
| | CIRCUIT CLERK |

## PLAINTIFF'S PETITION FOR DAMAGES

### Termination of Employment in Violation of Public Policy

COMES NOW Plaintiff, Colin J. Bensman, by counsel, and for his Petition for Damages against Defendant, Phacil, Inc., a Delaware corporation, states to the Court as follows:

1. That Plaintiff, Colin J. Bensman, is, and was at all times pertinent to this cause of action herein, a resident of the City of St. Louis, State of Missouri.

2. That Defendant, Phacil, Inc., is, and was at all times pertinent to this cause of action herein, a Delaware corporation, licensed and in good standing to do business in the State of Illinois, with a contract team working onsite at a United States government facility, Scott Air Force Base, in St. Clair County, Illinois.

3. That Plaintiff had been employed with Defendant, starting on August 10, 2015, as a "Contract-to-Hire", wherein he worked for Defendant through a contract agency, Zachary Piper LLC, for six months.

4. That thereafter, starting approximately February 14, 2016, Plaintiff converted to full-time permanent employee status with Defendant, where he worked until he was terminated on September 6, 2016.

5. That Plaintiff held the title of Software Developer/Lead.

6. That Plaintiff worked for Defendant onsite at Scott Air Force Base in St. Clair County, Illinois on a U.S. Army contract.

7. That Plaintiff reported to John C. Gray, Program Manager for Defendant to the ETA and SEITS contracts.

8. That the reason given to Plaintiff by John C. Gray for Plaintiff's termination was that he had "engaged in conduct unbecoming of a Phacil employee".

9. That John C. Gray told Plaintiff that he would have to discuss this matter with Human Resources in order to obtain further details regarding the reason for the termination.

10. That during the period from August 28, 2015 through September 2, 2016, John C. Gray took significant time off from work.

11. Specifically, Plaintiff noted that John C. Gray had taken off 55 days of work during the period of time from August 28, 2015 through September 2, 2016, even though John C. Gray had only worked there since February 2014, wherein he could only have accumulated 36 days of leave (calculated as 14 days during each of the first two years of his service, or 14 plus 14, which equals 28, plus 16 days per year after two years, which would amount to eight additional days for

2

the additional six months of this two and one-half year period of time, from February 2014 through September 2, 2016, for a total of 36 days).

12. That although Plaintiff does not know why John C. Gray was taking so much time off from work, John C. Gray's taking so much time off from work was interfering with everyone's ability to get the work done.

13. That Plaintiff, in good faith, believed that John C. Gray was defrauding the federal government by taking so much time off from work.

14. That sometime in August 2016, Plaintiff had two to three conversations with Judy Fowler, the ETA Program Manager for the customer, the U.S. government, complaining about John C. Gray taking so much time off from work.

15. That Judy Fowler, who is now retired, was a Civil Service GS-13 employee of the federal government.

16. That Plaintiff was the second in command under John C. Gray on the ETA contract, and Plaintiff had four to five employees working under him.

17. Therefore, Plaintiff genuinely felt the need to address with Judy Fowler John C. Gray's taking so much time off from work.

18. That Judy Fowler also fully recognized that John C. Gray's taking so much time off from work was becoming unreasonable, wherein she (along with Plaintiff) was tracking John C. Gray's absences.

19. Specifically, both Plaintiff and Judy Fowler tracked John C. Gray's absences by using digitally-signed "Out-of-Office" e-mails that John C. Gray personally wrote and sent to his team leads (which included Plaintiff) and government personnel before each absence.

20. That although neither Plaintiff nor Judy Fowler know how Defendant found out about Plaintiff's complaints to Judy Fowler concerning John C. Gray taking so much time off from work, it is apparent that someone nearby in the office, which was comprised of open cubicles, overheard one or more of Plaintiff's conversations with Judy Fowler and reported these complaints to John C. Gray or to Defendant.

21. The bottom line is that Plaintiff's complaints to the customer, Judy Fowler, who, at the time, was employed as a manager with the United States government, had somehow gotten back to John C. Gray or to Defendant, wherein Plaintiff was then terminated from his employment in retaliation thereof.

22. That Plaintiff was terminated, without any progressive discipline, even though he had a stellar work record up to that point in time.

23. That Plaintiff never said a word about John C. Gray's taking excessive time off from work with John C. Gray himself.

24. However, after Plaintiff was terminated from his employment, he sent e-mails to John C. Gray's supervisor at Defendant, James Sadler, Defendant's Program Manager (by e-mail dated September 6, 2016 at 5:00 p.m.) and to Duaa Mashaal, Senior Human Capital Business Partner (i.e., H.R. Manager) at Defendant, by e-mails dated September 6, 2016 at 5:46 p.m. and at 11:11 p.m.).

25. That when Plaintiff sent these e-mails to James Sadler and to Duaa Mashaal on September 6, 2016, he provided a document with a full list of the "Out-of-Office" e-mails from John C. Gray as well as a write-up/explanation of the situation, and Duaa Mashaal replied stating that she would get the documentation into the proper hands.

4

26. That while on the job, employees had to enter their hours worked in an on-line time tracking system called Deltek by the end of every day.

27. That Defendant's payroll can compare the contents of the documents Plaintiff provided with the hours that John C. Gray actually entered in Deltek for the days in question, in order to determine if there were any discrepancies or if John C. Gray was mis-charging time worked.

28. That Plaintiff actually requested in his e-mails to James Sadler and to Duaa Mashaal that Defendant do just that.

29. That on Plaintiff's way home following his termination of employment, he called Duaa Mashaal to inquire about the reason for his termination (as stated above, John C. Gray told Plaintiff to contact H.R. for further details concerning the termination), and Duaa Mashaal told Plaintiff that the reason for his termination of employment was that he was complaining about his manager (John C. Gray) taking so much time off from work.

30. Therefore, it is readily apparent that Corporate Human Resources of Defendant was involved in and/or had approved the termination of employment of Plaintiff.

31. That John C. Gray had told Judy Fowler that Plaintiff was not doing his management job properly, and that "there was more to it" than just Plaintiff complaining to her about his (John C. Gray's) taking so much time off from work.

32. That this is in spite of the fact that Plaintiff was never told by John C. Gray, James Sadler, or by Judy Fowler herself (the customer) that Plaintiff had "any" performance issues whatsoever.

33. Therefore, John C. Gray was obviously untruthful to Judy Fowler with respect to the reason for Plaintiff's termination of employment.

5

34. That Defendant did absolutely nothing to investigate Plaintiff's allegations, and John C. Gray is apparently still employed with Defendant.

35. That this is in spite of John C. Gray taking so much time off from work, thereby potentially defrauding the U.S. government.

36. Furthermore, Defendant's Human Resources had to and did approve Plaintiff's termination of employment.

37. Finally, the "Employee Termination Memo" given to Plaintiff at the time of his termination of employment is on Defendant's letterhead and is signed by the "Phacil Human Capital Department" (i.e., Corporate Human Resources).

38. Therefore, the bottom line is that after Corporate Human Resources of Defendant was made aware that Plaintiff had been complaining to Judy Fowler, the customer and management representative of the U.S. government, about John C. Gray possibly defrauding the U.S. government by taking so much time off from work, Plaintiff was retaliated against by Defendant by being terminated from his employment.

39. That it is illegal for an employer to terminate an employee when doing so is a violation of a clear mandate of public policy, such as in retaliation for an employee reporting wrongdoing or violations of law or public policy by the employer or fellow employees to superiors or to third parties.

40. Defrauding the United States government, such as what John C. Gray may have been doing, by taking so much time off from work, is illegal. By way of example, Plaintiff cites the following in support of this proposition:

> 18 U.S.C.A. § 286. "Whoever enters into any agreement, combination, or conspiracy to defraud the United States, or any department or agency thereof, by obtaining or aiding to obtain the payment or allowance of any false, fictitious or fraudulent claim, shall be fined under this title or imprisoned not more than ten years, or both."

6

18 U.S.C.A. § 287. "Whoever makes or presents to any person or officer in the civil, military, or naval service of the United States, or to any department or agency thereof, any claim upon or against the United States, or any department or agency thereof, knowing such claim to be false, fictitious, or fraudulent, shall be imprisoned not more than five years and shall be subject to a fine in the amount provided in this title."

18 U.S.C.A. § 371. "If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined under this title or imprisoned not more than five years, or both.

If, however, the offense, the commission of which is the object of the conspiracy, is a misdemeanor only, the punishment for such conspiracy shall not exceed the maximum punishment provided for such misdemeanor."

26 U.S.C.A. § 7206, I.R.C. § 7206. Fraud and false statements.

"Any person who –

(1) Declaration under penalties of perjury. – Willfully makes and subscribes any return, statement, or other document, which contains or is verified by a written declaration that it is made under the penalties of perjury, and which he does not believe to be true and correct as to every material matter; or

(2) Aid or assistance. – Willfully aids or assists in, or procures, counsels, or advises the preparation or presentation under, or in connection with any matter arising under, the internal revenue laws, of a return, affidavit, claim, or other document, which is fraudulent or is false as to any material matter, whether or not such falsity or fraud is with the knowledge or consent of the person authorized or required to present such return, affidavit, claim, or document; or

(3) Fraudulent bonds, permits, and entries. – Simulates or falsely or fraudulently executes or signs any bond, permit, entry, or other document required by the provisions of the internal revenue laws, or by any regulation made in pursuance thereof, or procures the same to be falsely or fraudulently executed, or advises, aids in, or connives at such execution hereof; or

(4) Removal or concealment with intent to defraud. – Removes, deposits, or conceals, or is concerned in removing, depositing, or concealing, any goods or commodities for or in respect whereof any tax is or shall be imposed, or any property upon which levy is authorized by section 6331, with intent to evade or defeat the assessment or collection of any tax imposed by this title; or

(5) Compromises and closing agreements. – In connection with any compromise under section 7122, or offer of such compromise, or in connection with any closing agreement under section 7121, or offer to enter into any such agreement, willfully --

    (A)    Concealment of property. – Conceals from any officer or employee of the United States any property belonging to the estate of a taxpayer or other person liable in respect of the tax, or

    (B)    Withholding, falsifying, and destroying records. – Receives, withholds, destroys, mutilates, or falsifies any book, document, or record, or makes any false statement, relating to the estate or financial condition of the taxpayer or other person liable in respect of the tax;

shall be guilty of a felony and, upon conviction thereof, shall be fined not more than $100,000.00 ($500,000.00 in the case of a corporation), or imprisoned not more than 3 years, or both, together with the costs of prosecution."

31 U.S.C.A. § 3729 – False claims.

"(a)    Liability for certain acts. –

    (1)    In general. – Subject to paragraph (2), any person who –

        (A)    knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval;

        (B)    knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim;

        (C)    conspires to commit a violation of subparagraphs (A), (B), (D), (E), (F), or (G);

        (D)    has possession, custody, or control of property or money used, or to be used, by the Government and knowingly delivers, or causes to be delivered, less than all of that money or property;

        (E)    is authorized to make or deliver a document certifying receipt of property used, or to be used, by the Government and, intending to defraud the Government, makes or delivers the receipt without completely knowing that the information on the receipt is true;

        (F)    knowingly buys, or receives as a pledge of an obligation or debt, public property from an officer or employee of the Government, or a member of the Armed Forces, who lawfully may not sell or pledge property; or

        (G)    knowingly makes, uses, or causes to be made or used, a false record or statement material to an obligation to pay or transmit money or property

8

>to the Government, or knowingly conceals or knowingly and improperly avoids or decreases an obligation to pay or transmit money or property to the Government.

is liable to the United States Government for a civil penalty of not less than $5,000.00 and not more than $10,000.00, as adjusted by the Federal Civil Penalties Inflation Adjustment Act of 1990 (28 U.S.C. 2461 note; Public Law 104-410), plus 3 times the amount of damages which the Government sustains because of the act of that person."

41. That Plaintiff was terminated from his employment with Defendant in retaliation for reporting wrongdoing or violations of law or public policy by Defendant or fellow employees to superiors or to third-parties, which was in violation of a clear mandate of public policy.

42. That the conduct of Defendant as set forth above was done with malice or in reckless disregard for the rights of Plaintiff.

43. That as a proximate result of Plaintiff being terminated from his employment, he has and will continue to sustain damages consisting of losses in pay, including his salary of $125,000.00 per year.

44. Further, that as a proximate result of Plaintiff being terminated from his employment, he has sustained significant emotional distress and damage to his reputation, including that the termination has been a "taint" on his otherwise very good employment record, when all he was doing was doing the right thing, that being to report potential fraud of the U.S. government relating to John C. Gray's taking so much time off from work.

WHEREFORE, Plaintiff prays for judgment against Defendant, Phacil, Inc., a Delaware corporation, for actual, compensatory and punitive damages in a fair and reasonable amount in excess of Three Hundred and Fifty Thousand Dollars ($350,000.00); for his Court costs incurred herein; and for whatever and further relief the Court deems just and proper.

Respectfully submitted,

By: /s/ David M. Heimos

David M. Heimos, #6182752
Attorney for Plaintiff
230 S. Bemiston, Suite 1200
Clayton, Missouri 63105
(314) 862-3333 Ext. 17
(314) 862-0605 Facsimile
davidmheimos@heimoslaw.com

## ST CLAIR COUNTY
### TWENTIETH CIRCUIT COURT, KAHALAH A. CLAY

**RECEIPT #:** C 000449200  **DATE:** 08-29-2017  **TIME:** 11:29:07
**RECEIVED OF:** MISSOURI LAWYER TRUST ACCOUNT  **MEMO:**
**PART. ID:** 998132
**BY CLERK:** JA
**CHECKS:** B 2333  $489.50

| CASH | CREDIT | CHANGE | OTHER |
|---|---|---|---|
| $0.00 | $0.00 | $0.00 | $0.00 |

| CASE NUMBER | EVENT | COURT/JUDGE | TAX NO. | AMOUNT |
|---|---|---|---|---|
| 17-L-0478 BENSMAN VS PHACIL INC PARTY: HEIMOS DAVID M | 2023 | PMT:CFIL COMPLAINT FILING FEE | | $277.00 |
| 17-L-0478 BENSMAN VS PHACIL INC PARTY: HEIMOS DAVID M | 2031 | PMT:CJUR12 12 PERSON JURY FEE | | $212.50 |
| | | TOTAL RECEIPT... | | $489.50 |

\* CHECK/CHEQUE IS CONDITIONAL PAYMENT
\* PENDING RECEIPT OF FUNDS FROM BANK. \*

# CIRCUIT COURT FOR THE 20TH JUDICIAL CIRCUIT

State of Illinois ) S.S.
County of St. Clair )

Case Number  17L478

Amount Claimed _____

| Plaintiff(s) | Defendant(s) |
|---|---|
| COLIN J. BENSMAN, | PHACIL, INC., a Delaware corporation, |

VS

Classification Prefix _____ Code _____ Nature of Action _____ Code _____

Pltf. Atty. **David M. Heimos**   Code _____
Address **230 S. Bemiston, Suite 1200**
City **Clayton, Missouri**   Phone **314-862-3333 (x 17)**
Add. Pltf. Atty. _____ Code _____

TO THE SHERIFF: SERVE THIS DEFENDANT AT:
NAME **Registered Agent, CT Corporation System**
ADDRESS **208 S. LaSalle Street, Suite 814**
CITY & STATE **Chicago, Illinois 60604**

## SUMMONS COPY

To the above named defendant(s)......:

☐ A. You are hereby summoned and required to appear before this court at (court location) _____ at _____ M. On _____ 20__ to answer the complaint in this case, a copy of which is hereto attached. If you fail to do so, a judgment by default may be taken against you for the relief asked in the complaint.

☒ B. You are summoned and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, in the office of the clerk of this court within 30 days after service of this summons, exclusive of the day of service. If you fail to do so, judgment of decree by default may be taken against you for the relief prayed in the complaint.

TO THE OFFICER:
This summons must be returned by the officer or other person to whom it was given for service, with indorsement thereon of service and fees if any, immediately after service. In the event that paragraph A of this summons is applicable this summons may not be served less than three days before the day of appearance. If service cannot be made, this summons shall be returned so indorsed.

This summons may not be served later than 30 days after its date.

WITNESS, 8-29-2017

KAHALAH A. CLAY
Clerk of Court

BY DEPUTY: _____

DATE OF SERVICE: _____
(To be inserted by officer on copy left with defendant or other person)

SEAL

# DAVID M. HEIMOS
Attorney at Law
230 South Bemiston Avenue
Suite 1200
Clayton, Missouri 63105

314-862-3333 Ext. 17  
314-862-0605 Fax

E-mail: davidmheimos@heimoslaw.com  
Internet Address: davidheimoslaw.com

September 19, 2017

Clerk of the Circuit Court
St. Clair County Courthouse
10 Public Square
Belleville, Illinois 62220

FILED
ST. CLAIR COUNTY
SEP 21 2017
CIRCUIT CLERK
65

RE: Case No.: 17L478
Colin J. Bensman v. Phacil, Inc.

To Whom It May Concern:

Enclosed, please find the "Sheriff's Office of Cook County, Illinois Affidavit of Service" which I have received from Thomas J. Dart, the Sheriff of Cook County, Illinois, showing that service of process was made in the above-referenced matter on the Defendant on September 11, 2017.

Thank you.

Sincerely,

David M. Heimos

DMH/lhd
Enclosure



# SHERIFF'S OFFICE OF COOK COUNTY, ILLINOIS
## AFFIDAVIT OF SERVICE



\*02531214\*

**CASE NUMBER:** 17L478  **MULT.SER.** 1  **DOC. TYPE:** LAW

**DIE DATE:** 09/21/2017   **RECEIVED DATE:** 9/7/2017 12:00:00 PM   **FILED DATE:** 08/29/2017   **DIST:** 604 DC

**DEFENDANT**
PHACIL INC
208 S LASALLE ST
XCHICAGO, IL 60604
STE 814

FOREIGN

**PLANTIFF**
BENSMAN, COLIN J
**ATTORNEY**
DAVID M HEIMOS
230 S BEMISTON STE 200
CLAYTON, MO 63105
(314) 862-3333

FILED
ST. CLAIR COUNTY
SEP 21 2017

CIRCUIT CLERK
65

**ATTACHED FEE AMOUNT:**
**SERVICE INFORMATION:**   R A CT CORP SYS

**I CERTIFY THAT I SERVED THE DEFENDANT/RESPONDENT AS FOLLOWS:**

____ **(1) PERSONAL SERVICE:**
BY LEAVING A COPY OF THE WRIT/ORDER WITH THE DEFENDANT/RESPONDENT PERSONALLY, AND INFORMING DEFENDANT/RESPONDENT OF CONTENTS.

____ **(2) SUBSTITUTE SERVICE:**
BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT AT THE DEFENDANT'S USUAL PLACE OF ABODE WITH A FAMILY MEMBER OR PERSON RESIDING THERE, 13 YEARS OR OLDER, AND INFORMING THAT PERSON OF THE CONTENTS OF THE SUMMONS. ALSO, A COPY OF THE SUMMONS WAS MAILED TO THE DEFENDANT AT HIS OR HER USUAL PLACE OF ABODE ON THE _____ DAY OF _____ 20_____

____ **(3) UNKNOWN OCCUPANTS:**
BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT NAMING "UNKNOWN OCCUPANTS" WITH A PERSON OF THE AGE OF 13 OR UPWARDS OCCUPYING SAID PREMISE.

✓ **(4) CORP/CO/BUS/PART:**
BY LEAVING THE APPROPRIATE NUMBER OF COPIES OF THE SUMMONS, COMPLAINTS, INTERROGATORIES, JUDGMENTS, CERTIFICATIONS AND NOTICES WITH THE REGISTERED AGENT, AUTHORIZED PERSON OR PARTNER OF THE DEFENDANT CORPORATION ____ COMPANY ____ BUSINESS ____ PARTNERSHIP ____

____ **(5) PROPERTY RECOVERED:**
NO ONE PRESENT TO RECEIVE ORDER OF COURT. ORDER POSTED IN PLAIN VIEW.

____ **(6) S.O.S./D.O.I.:**
BY LEAVING THE SUMMONS AND COMPLAINT WITH THE SECRETARY OF THE STATE/DIRECTOR OF INSURANCE OF THE STATE OF ILLINOIS, AN AGENT OF SAID DEFENDANT LISTED ABOVE. ANY AGENT OF SAID CORPORATION NOT FOUND IN THE COUNTY OF COOK.

____ **(7) CERTIFIED MAIL**

***** COMPLETE THIS SECTION IF WRIT IS A THIRD PARTY CITATION/GARNISHMENT *****

____ **(8)** AND BY MAILING ON THE _____ DAY OF _____ 20_____ A COPY OF THE THIRD PARTY GARNISHMENT/CITATION SUMMONS AND NOTICE TO THE JUDGMENT DEBTOR'S LAST KNOWN ADDRESS AS INDICATED IN THE NOTICE WITHIN (2) BUSINESS DAYS OF SERVICE UPON GARNISHEE/THIRD PARTY DEFENDANT.

**THE NAMED DEFENDANT WAS NOT SERVED FOR THE GIVEN REASON BELOW:**

| | | |
|---|---|---|
| ____ (01) NO CONTACT | ____ (05) WRONG ADDRESS | ____ (09) DECEASED |
| ____ (02) MOVED | ____ (06) NO SUCH ADDRESSS | ____ (10) NO REGISTERED AGENT |
| ____ (03) EMPTY LOT | ____ (07) EMPLOYER REFUSAL | ____ (11) OUT OF COOK COUNTY |
| ____ (04) NOT LISTED | ____ (08) CANCELLED BY PLAINTIFF ATTY | ____ (12) OTHER REASON (EXPLAIN) |

**EXPLANATION:** _____

**ATTEMPTED SERVICES**

WRIT SERVED ON: K. Starks
SEX: M/F  RACE: B  AGE: 40
THIS  F  DAY OF  B , 20__
Thomas J. Dart 11024 Sep 17
SHERIFF, BY: _____ DEPUTY

THOMAS #11024

| DATE | TIME (AM/PM) | STAR # |
|---|---|---|
| 11Sep17 | 10:25 | 11024 |
| : | | |
| : | | |
| : | | |

VSA618